**UNITED STATES DISTRICT COURT**
**FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICKY DENNISON, | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| MEDICREDIT, INC., | ) **JURY TRIAL** |
| | ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

VICKY DENNISON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15221.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a debt collection company with headquarters located at 3 City Place Drive, Suite 690, St. Louis, Missouri 63141.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. The alleged debt Defendant was seeking to collect, a medical bill, arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning around April 2015 and continuing through September 2015, Defendant contacted Plaintiff on her cellular telephone seeking and demanding payment of the alleged debt.

14. When Defendant called, Plaintiff informed Defendant that she was unemployed and her inability to make payments.

15. Plaintiff also told Defendant that she would contact them when she was able to make payments and to stop calling her.

16. In response, Defendant told Plaintiff "they would document it".

17. Despite Plaintiff's request, Defendant continued to contact Plaintiff on her cellular telephone.

18. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on her cellular telephone, thus, forcing Plaintiff to take measures to block Defendant's calls.

19. In addition, at no time prior to contacting her, during its first conversation with her, or within five (5) days of its initial communication with her, did Defendant inform Plaintiff that unless disputed within thirty (30) days the debt would be assumed to be valid; that if she notified the collector in writing within thirty (30) days that she disputed the debt, the collector would obtain verification of the debt or a copy of the judgment and mail a copy to her; or that if she notified the debt collector in writing within thirty (30) days, the debt collector would provide her with the name and address of the company to whom she originally owed the alleged debt.

20. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

21. Defendant's conduct violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct

3

PLAINTIFF'S COMPLAINT

of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on her cellular telephone as well as continuing to call Plaintiff after having been told to stop calling her.

## COUNT II

22.    Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. § 1692f.

    a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated § 1692f of the FDCPA by failing to update its records to stop calling Plaintiff.

## COUNT III

23.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a.    A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with

the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of her rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with her.

WHEREFORE, Plaintiff, VICKY DENNISON, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);


c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VICKY DENNISON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 4-12-16              By: */s/ Craig Thor Kimmel*
                               CRAIG THOR KIMMEL, ESQ.
                               Attorney ID No. 57100
                               Kimmel & Silverman, P.C.
                               30 E. Butler Pike
                               Ambler, PA 19002
                               Phone: (215) 540-8888
                               Fax: (877) 788-2864
                               Email: kimmel@creditlaw.com